UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WADE THOMAS,

        Plaintiffs,

-against-

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/14/2020

1:19-cv-6990-MKV

ORDER ADOPTING
REPORT AND RECOMMENDATION

MARY KAY VYSKOCIL, United States District Judge:

  Plaintiff Wade Thomas filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of a final determination by the Social Security Administration ("SSA") denying his application for disability insurance benefits [ECF # 1]. On February 6, 2020 the case was transferred to me from Judge Koeltl, and on February 24, 2020, the Court referred it to Magistrate Judge Lehrburger [ECF # 18]. The parties submitted cross-motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) [ECF ## 21, 25]. On July 24, 2020, Judge Lehrburger issued a Report and Recommendation (the "R&R") recommending that the Plaintiff's motion be granted, the Commissioner's denied, and the case be remanded to the Administrative Law Judge ("ALJ") for further development of the record [ECF # 28]. Neither party objected to the R&R and, for the reasons stated below, the Court adopts the R&R in full.

  In reviewing a Magistrate Judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties are given the opportunity to raise timely objections to the report and recommendation within fourteen days. *Id.* The court reviews any portion of the report subject to an objection *de novo*; however, in the absence of any objection,

the court reviews the report and recommendation only for clear error.  Fed. R. Civ. P. 72; *Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018).

Here, Magistrate Judge Lehrburger's R&R specifically noted that the parties had fourteen days to file objections and that failure to do so would preclude appellate review.  Accordingly, the Court has carefully reviewed the R&R under the clear error standard.

The relevant facts and procedural history underlying this action are set forth in greater detail in the R&R and Certified Administrative Record [ECF # 14].  The Court assumes familiarity with such facts and only provides a brief overview herein.

Plaintiff filed an application for disability insurance benefits on April 11, 2016 claiming numerous underlying conditions that prevented him from working, including carpal tunnel, diabetes, hypertension, and glaucoma, among others.  R&R at 2.  The SSA denied his claim, and he requested a hearing before an ALJ.  *Id.*  On May 22, 2018, the ALJ heard testimony from the Plaintiff and a vocational expert proffered by the SSA and thereagter denied is claim on the ground that he is "not disabled."  *Id.* at 2-3.  The SSA's Appeals Council denied a request for review, leading Plaintiff to file this case.  *Id.* at 3.

In the cross-motions for judgment as a matter of law, there were two critical points in dispute that Magistrate Judge Lehrburger was required to resolve: (i) whether the ALJ had considered all of Plaintiff's alleged impairments and properly identified their severity, and (ii) whether the ALJ sufficiently developed the medical record.  In his comprehensive, 27-page R&R, Magistrate Judge Lehrburger found that the ALJ properly assessed Plaintiff's impairments, but had failed to appropriately develop the medical record before finding that he was not disabled.

After reviewing at length the ALJ's assessment of Plaintiff's disability application under the five-step process required by the SSA's rules (20 C.F.R. § 404.1520), Magistrate Judge

Lehrburger rejected Plaintiff's argument that the ALJ had ignored or misapprehended the severity of any of Plaintiff's impairments. R&R at 13–17. Magistrate Judge Lehrburger found that the Plaintiff had mischaracterized the administrative record and that the ALJ had expressly considered a number of the impairments that Plaintiff alleged were omitted from his Residual Functional Capacity ("RFC") analysis. *Id.* at 14. Furthermore, Magistrate Judge Lehrburger found that the ALJ had properly considered *all* of Plaintiff's impairments in reaching her ultimate conclusion, rendering the failure to discuss any of his non-severe impairments specifically a harmless error. *Id.* at 15–16. Magistrate Judge Lehrburger also reviewed the legal standard for whether an impairment qualifies as "severe" and found that the ALJ's contested assessment of certain impairments as "not severe" was legally correct. *Id.* at 14–15.

Despite ruling against the Plaintiff on this first point, Magistrate Judge Lehrburger went on to find that the ALJ had failed to fully develop the medical record and that remand is therefore required. Judge Lehrburger engaged in a detailed review of the legal basis for an ALJ's duty to make affirmative efforts to develop a fulsome medical record. *Id.* at 17–21; *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) ("Even when a claimant is represented by counsel, it is the well-established rule in [the Second] [C]ircuit that the social security ALJ, unlike a judge in a trial, must on behalf of all claimants . . . affirmatively develop the record in light of the essentially non-adversarial nature of a benefits proceeding.") (internal quotations omitted). Judge Lehrburger applied a similarly high level of scrutiny to the Certified Administrative Record, which he found lacking in a number of key respects. R&R at 21–27. In particular, Judge Lehrburger found that the record lacked sufficiently detailed medical source statements from the Plaintiff's treating physicians (*id*. at 21–22), and that the ALJ had erroneously failed to obtain updated records related to the two-year period between Plaintiff's initial application for disability benefits and his administrative hearing, which included doctors

visits and treatment of particular relevance to Plaintiff's claim (*id.* at 24–25).  The result was a "material gap" in the record, with greater weight given to the opinion of the consulting physician due to the absence of fulsome records, statements, or testimony from Plaintiff's treating physicians with respect to his impairments.  Having found that the case must be remanded, Judge Lehrburger declined to consider whether the ALJ's ultimate RFC determination was correct or whether sufficient weight was given to the Plaintiff's testimony at the hearing.

The Court, having reviewed the thorough and well-reasoned report of Magistrate Judge Lehrburger for clear error, finds none.  It is therefore ORDERED that the Court ADOPTS the R&R in its entirety.  It is further ORDERED that the Plaintiff's Motion for Judgment on the Pleadings [ECF # 21] is GRANTED, and the Defendant's [ECF # 25] is DENIED.  This case is remanded to the ALJ for further proceedings consistent with the R&R.  The Clerk of the Court is respectfully requested to close this case.

**SO ORDERED.**

Date:  August 14, 2020
       New York, NY

_____
**MARY KAY VYSKOCIL**
**United States District Judge**